**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TERESSA PRIDEMORE,

        Plaintiff,

vs.                                                Case No. 3:10-cv-605-J-99MMH-JBT

REGIS CORPORATION,

        Defendant.

_____

## <u>ORDER</u>[1]

    This case is before the Court on Defendant Regis Corporation's Motion To Dismiss And Supporting Memorandum Of Law.  (Doc. 10; Motion).  Plaintiff Teressa Pridemore (Pridemore) has filed a response (Doc. 11; Response), and the Motion is ripe for consideration.  Regis Corporation seeks to have Pridemore's Complaint dismissed because she failed to effect service of process within 120 days after the Complaint was filed, as required by Rule 4(m), Federal Rules of Civil Procedure.

    Pridemore, who is proceeding <u>pro se</u>, filed her Complaint in this action on July 15, 2010, alleging that Regis Corporation, her former employer, violated her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 <u>et seq</u>.  (Doc. 1; Complaint).  That same day, Pridemore filed an Affidavit of Indigency and Application to Proceed <u>In Forma Pauperis</u>.  (Doc. 2; Application).  On July 23, 2010, United States Magistrate Judge Joel B. Toomey took Pridemore's Application under advisement and directed that Pridemore re-file

---

    [1]   This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

the Application within 30 days to accurately reflect anticipated changes in her income and expenses. (Doc. 5; 07/23/10 Order).[2]  On August 6, 2010, Pridemore re-filed her Affidavit of Indigency and Application to Proceed In Forma Pauperis.  (Doc. 6; Amended Application), and on August 10, 2010, Judge Toomey granted the Amended Application.    (Doc. 7; 08/10/10 Order).  In his Order, Judge Toomey advised Pridemore that she was subject to the same law and rules of Court as a litigant represented by counsel, and provided her with instructions as to how she could access the Local Rules of the United States District Court for the Middle District of Florida (Local Rules) and the Federal Rules of Civil Procedure. 08/10/10 Order at 1.  The Court also informed Pridemore that she was responsible for preparing a summons to be served, and that the Clerk of the Court would provide her with a blank Summons to be completed and returned to the Clerks Office for service by the United States Marshal.  Id. at 2.  The Court directed Pridemore to return the completed summons and a copy of the Complaint to the Clerk for service upon the Defendant.  Id.; see also Fed. R. Civ. P. 4(a) and (b).  The Court set forth, in full, the provisions of Rule 4(m), including the 120-day deadline for effecting service of process, and informed Pridemore "that failure to timely or otherwise properly perfect service may, under some circumstances, result in the dismissal of the action in its entirety as to the defendant not properly served."  Id. Additionally, on August 8, 2010, the Court provided Pridemore with further information about the applicable procedural rules and requirements.  (Doc. 8; Order Regarding Procedural Rules).

---

[2]  The Docket reflects that copies of all Orders and filings were sent to Pridemore by mail.

Clerk's notations in the Docket reflect that between October 8, 2010, and November 9, 2010, the Clerk and Pridemore exchanged correspondence relating to Pridemore's efforts to compile a properly completed package for service of process, consisting of a completed Summons, a Marshal's form, and a copy of the Complaint.  Ultimately, the completed package for service was mailed to the Marshal's Service on November 9, 2010, three days before the November 12, 2010 deadline for service of process. Fed. R. Civ. P. 4(m).  The Marshal's Service received the package on November 10, 2010, and executed service on Regis Corporation on November 23, 2010, eleven days past the Rule 4(m) deadline. (Doc. 9; Return of Service).[3]

Pursuant to the Federal Rules of Civil Procedure, a plaintiff has 120 days from the date of filing a complaint to effect service of process upon the named defendant(s). See Rule 4(m).[4]  Rule 4(m) further provides that where a plaintiff shows good cause for the failure to effect service of process, the Court must extend service for an appropriate period. See Rule 4(m).  In the absence of a showing of good cause, the Court may exercise its own discretion

---

[3]   Pridemore prepared the Summons to be served upon Regis Corporation's corporate headquarters in Minnesota instead of serving Defendant's registered agent in Florida. The United States Marshall served a Regis Corporation in-house attorney in Minnesota.  Return of Service at 1; Motion at 2.

[4]   Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

to extend the time for a plaintiff to perfect service of process.  See Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1132 (11th Cir. 2005).[5]

Rule 4(m) requires the Court to extend the time for service if the plaintiff shows "good cause."  Fed. R. Civ. P. 4(m).  "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009)(quoting Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007)).  In determining good cause, courts have considered "'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process.'" Madison v. BP Oil Co., 928 F. Supp. 1132, 1137 (S.D. Ala. 1996)  (quoting Zachery v. Thigpen, 895 F. Supp. 1472, 1474 (M.D. Ala. 1995)).  Good cause has also been found when the plaintiff reasonably relied on the United States Marshal to effect service, and service was delayed by the Marshal's Service through no fault of the pro se plaintiff, Richardson v. Johnson, 598 F.3d 734, 738-40 (11th Cir. 2010); Rance, 583 F.3d at 1286, 1287-88; Heenan v. Network Publications, Inc., 181 F.R.D. 540, 542 (N.D. Ga. 1998); when the plaintiff attempted to resolve the case until three days before the Rule 4(m) deadline, Gambino v. Village of Oakbrook, 164 F.R.D. 271, 275 (M.D. Fla. 1995); and when the plaintiff waited 97 days for permission to proceed in

---

[5]  Regis Corporation argues that "[b]ecause the penalty [of dismissal] under Rule 4(m) is mandatory, courts are required to dismiss complaints that are not timely served."  Motion at 3.  This is a misstatement of the law.  Regis Corporation cites to case law, e.g. In re Cooper, 971 F.2d 640, 641 (11th Cir, 1992) and Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991), as support for its "mandatory" argument.  See Motion at 3, 4.  Unfortunately, this authority has been superceded by the 1993 amendment to Rule 4.  See Horenkamp, 402 F.3d at 1132 n.2.  Indeed, in light of the 1993 amendment, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."  Id. at 1132; see also e.g. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009); Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008).  Counsel is cautioned that the Court expects citation to authority to be an accurate representation of the law at all times.

forma pauperis and was diligent with attempts to correct deficiencies, <u>Williams v. Publix</u> <u>Warehouse</u>, 151 F.R.D. 428, 432-33 (M.D. Fla. 1993). However, the mere absence of prejudice, inadvertent error, or ignorance of the rules does not constitute good cause. <u>Madison</u>, 928 F. Supp. at 1137.  Pridemore's delays in effecting service appear to be more the result of her inexperience with litigation and the rules of Court, and her difficulty in completing the Summons form and accompanying paperwork, rather than the result of some "outside factor" beyond her control.  Thus, Pridemore has failed to establish "good cause" requiring the Court to extend the time for service of process. Fed. Rule Civ. P. 4(m); <u>see also</u> <u>Horenkamp</u>, 402 F.3d at 1130 (failure to effect timely service due to "mistake" not "good cause").

"Even if a district court finds that a plaintiff failed to show good cause, 'the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'"  <u>Rance</u>, 583 F.3d at 1286 (quoting <u>Lepone-Dempsey</u>, 476 F.3d at 1281-82).  While Pridemore's <u>pro se</u> status does not excuse her from mistakes made regarding procedural rules, <u>Anderson v. Osh Kosh B'Gosh</u>, 255 F. App'x 345, 348 n.4 (11th Cir. 2006), it does explain the delays between her filing of the Complaint and the final service of process on Regis Corporation.  First, the Magistrate Judge required an additional filing before approving her <u>in</u> <u>forma</u> <u>pauperis</u> status 26 days after the filing of the Complaint. Pridemore sent a completed Marshal's form to the Court 59 days later, and thence commenced a back and forth communication with the Clerk of the Court over the next 32 days in an effort to correct deficiencies in the documentation to be delivered to the Marshal's Service.  The package for service was ultimately mailed to the Marshall's Service on

November 9, 2010 (three days before the deadline for service) for service on Regis Corporation in Minnesota.  The Marshall accomplished service in Minnesota 14 days later, on November 23, 2010, 11 days beyond the 120-day deadline prescribed by Rule 4(m). Pridemore repeatedly exhibited diligence in her attempts to correct the deficiencies in her preparation of the necessary paperwork.  The delay in service, a mere 11 days, is slight and Defendant has failed to suggest that it suffered any prejudice as a result of this delay.  As such, the Court determines to exercise its discretion to grant an extension of time for service of process.

In light of the foregoing, the Court, in its discretion, will permit an extension of time, nunc pro tunc, for Pridemore to perfect service upon Regis Corporation.  Accordingly, it is hereby

**ORDERED**:

1.    Defendant Regis Corporation's Motion To Dismiss And Supporting Memorandum Of Law  (Doc. 10) is **DENIED**.

2.    The deadline for Plaintiff to perfect service of process upon Defendant Regis Corporation is extended nunc pro tunc up to and including November 23, 2010.

3.    Defendant Regis Corporation shall respond to Plaintiff's Complaint on or before **January 21, 2011**.

**DONE AND ORDERED** in Jacksonville, Florida, this 3d day of January, 2011.

**MARCIA MORALES HOWARD**
United States District Judge

lc12
Copies to:
Counsel of Record
Unrepresented Party